Rel: May 15, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0842

_____

### John William Wilder, Jr.

### v.

### The City of Hoover, Frank V. Brocato, Allan Rice, and The Public Park and Recreation Board of the City of Hoover

### Appeal from Jefferson Circuit Court
### (CV-24-900092)

PARKER, Justice.

This public-employment case turns on a distinction between two positions that have very similar names but entirely different appointing authorities. One of those positions is the City of Hoover's "Park and Recreation Director." The other is the "director of Parks and Recreation" of the City's legally distinct Public Park and Recreation Board.

According to his complaint, John William Wilder, Jr., sought appointment to the <u>city</u> position with the backing of a majority of the Board's members. After someone else got that job, Wilder sued not only the City (and two of its officials) but also the Board. His sole legal theory, which the circuit court dismissed on various grounds, was that the city defendants had "usurped the Board's autonomy" by not allowing the <u>Board</u> to hire the <u>City's</u> Park and Recreation Director.

In our view, Wilder's fundamental confusion over these distinct positions and appointing authorities reveals that he lacks standing to sue the Board and that he lacks any valid legal claim against the city defendants. We therefore affirm the circuit court's orders dismissing Wilder's lawsuit.

I.

This case began when Wilder was passed over for appointment as the City's Park and Recreation Director in 2021. According to Wilder's complaint, a majority of the members of the City's separately incorporated Public Park and Recreation Board supported him for the job; those members even communicated their support for Wilder at a specially called board meeting with the mayor. The mayor nevertheless appointed another candidate.

In response, Wilder sued. He named as defendants the City, its mayor, its city administrator, and also the Board. He requested a judgment declaring that the city defendants had "usurped the Board's autonomy by not allowing the Board to hire the Plaintiff," as well as "damages" for loss of income and employment benefits.

For legal authority, Wilder cited two sources. One was the chapter of the Alabama Code governing municipalities' incorporation of public park and recreation boards. For example, according to our Code, a park and recreation board, once properly incorporated, enjoys (among other powers) the power to hire employees "as its business may require." Ala. Code 1975, § 11-60-8(a)(15); <u>see also</u> Ala. Code 1975, § 11-60-7

(establishing an independent governing board of directors for such a board). The other source of authority was the Board's own bylaws. According to the complaint, those bylaws vest the Board with authority to make the "[f]inal selection" of a "director of Parks and Recreation" for the Board.

At the defendants' request, the circuit court dismissed Wilder's claims against all defendants. The circuit court concluded that Wilder had failed to state a claim against the City, that the mayor and administrator were entitled to state-agent immunity, and that Wilder had not alleged any wrongdoing on the part of the Board.

After filing an unsuccessful postjudgment motion, Wilder noticed his appeal to this Court.

## II.

All parties agree that the applicable standard of review on appeal "is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle [him] to relief." Nance v. Matthews, 622 So. 2d 297, 299 (Ala.1993). For purposes of this analysis, we accept the complaint's factual allegations as true. But we owe no

4

deference to the complaint's legal assertions. See, e.g., Ex parte Marshall, 323 So. 3d 1188, 1201 n.3 (Ala. 2020).

## III.

For the reasons explained below, we affirm the dismissal of Wilder's complaint. Although we use slightly different reasoning than the circuit court, the result is the same: We see no set of circumstances under which Wilder can prevail against either the Board or the city defendants.

## A.

As to the Board, we agree with the circuit court that Wilder "failed to allege any wrongful conduct." Often, such a failure would warrant dismissal as a failure to state a valid legal claim. See Ala. R. Civ. P. 12(b)(6). But under the circumstances present here, we believe Wilder's failure was tantamount to a failure to establish standing, which is an essential prerequisite to the circuit court's exercise of subject-matter jurisdiction. See, e.g., Ex parte BAC Home Loans Servicing, LP, 159 So. 3d 31, 36 (Ala. 2013). In the judicial "order of operations," jurisdiction always comes before the merits. See, e.g., Bentley v. Bentley, 385 So. 3d 26, 32 (Ala. 2023). So we will review the sufficiency of Wilder's complaint in terms of standing rather than the merits.

At its core, "standing" refers to a party's right to pursue a legal claim in court. See Standing, Black's Law Dictionary (12th ed. 2024). In "public-law cases," our precedent requires us to ask whether a plaintiff has identified a sufficient injury, caused by the defendant, that will likely be "redressed" (or remedied) by a favorable decision in court. See Personnel Bd. of Jefferson Cnty. v. City of Trussville, [Ms. SC-2024-0298, Sept. 12, 2025], ___ So. 3d ___, ___ (Ala. 2025). This formulation is most commonly attributed to the United States Supreme Court's decision in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). In public-law cases, this "Lujan test" protects the separation of powers by ensuring that courts do not decide broad questions of public policy. Those questions are for the legislative and executive branches to decide.

Here, under the Lujan test, Wilder failed to establish standing to sue the Board. We can assume that Wilder has identified a sufficient injury -- that is, his failure to be hired as the "Park and Recreation Director for the City of Hoover." This is how he framed the injury in his complaint, and he did not amend his complaint even after the City questioned that framing in its motion to dismiss. Such an injury seems "actual," "concrete," and "particularized" -- in other words, it appears to

6

easily check all of the boxes needed for identifying a valid injury. Cf. Personnel Bd. of Jefferson Cnty., ___ So. 3d at ___.

The problem for Wilder arises on the Lujan test's causation element. According to his own complaint, it was "Mayor Brocato and City Administrator Rice" who told the Board that Wilder would not be getting the job during the specially called board meeting. And it was "Mayor Brocato" who publicly announced the successful candidate via citywide email. If anything, according to the complaint, the Board's members themselves were championing Wilder for this position. On those allegations, which we take as true, we cannot possibly see how the Board caused Wilder's injury in any respect.

One possible objection might be that this is not a public-law case after all and so the Lujan test for standing does not apply. But this Court's decision in Ex parte BAC Home Loans Servicing, LP, 159 So. 3d 31 (Ala. 2013), should dispel any concerns along these lines. In that case, the Court drew a line between public- and private-law cases based on the need for ferreting out cases that run a risk of improper judicial interference in governmental action. "Private law" cases, the Court said, involve "established elements" -- such as a "claim of negligence" or a

7

"statutory claim for ejectment" -- that necessarily "define an adversarial relationship" appropriate for judicial resolution. 159 So. 3d at 44. The Court described "public law" cases, on the other hand, as cases that, absent "additional gate-keeping" under the <u>Lujan</u> test, present complaints about government "shared generally by the citizenry and that therefore must be addressed politically." <u>Id.</u>

Wilder's claims here fall on the public-law side of this line. The statutes Wilder cites (to say nothing of the Board's bylaws) do not purport to create any right enforceable by a private citizen. They do not contain "defined" or "established elements" for recovery. 159 So. 3d at 44. Or, to use another court's framing, they do not "create duties owed to the plaintiff[] as [an] individual[]." <u>Huff v. TeleCheck Servs., Inc.</u>, 923 F.3d 458, 469 (6th Cir. 2019). Instead, they broadly constitute and govern the operations of the Board, a public entity. This means that, for standing purposes, Wilder stands in the same position with respect to the Board as any other citizen. To establish standing in these circumstances, he must satisfy the <u>Lujan</u> test -- that is, he must have shown a valid injury caused by the Board, something he simply failed to do.

8

B.

As to the city defendants, our standing analysis comes out the other way. Namely, Wilder alleged that he sought the city job, but the city defendants hired someone else. For standing purposes, that constitutes an actual, concrete injury in fact caused by the city defendants that is at least arguably redressable by his requested relief. As the defendants observe, our cases suggest that a plaintiff must also allege an injury in fact to a "legally protected right." Blevins v. Hillwood Off. Ctr. Owners' Ass'n, 51 So. 3d 317, 321 (Ala. 2010). But at this stage, we must be careful not to evaluate the merits of Wilder's legal assertion. It is enough, at least for standing purposes, that he claims the city defendants harmed him by acting unlawfully.

Having said all of this, the fact remains that Wilder cannot possibly prevail on the merits. Wilder cites the Board's broad statutory powers to appoint "officers, employees, and agents, … as its business may require." § 11-60-8(a)(15). And he points out that the Board's bylaws permitted the Board, not the City, to "retain a qualified director of Park and Recreation" -- indeed, to make the "[f]inal selection of the Director." But he misses

9

entirely the distinction between the City's "Park and Recreation Director" and the Board's "director of Parks and Recreation."

It may well be, as the city defendants suggest, that the Board's bylaws envision a board parks director separate and distinct from the city parks director. If so, then the statutes and the Board's bylaws Wilder cites clearly do not entitle him to any relief insofar as he wants to challenge the city defendants' hiring of someone else for a city job.

Alternatively, it is possible that the Board's bylaws purported to claim for the Board the right to select the city parks director. This alternate reading would not change the result, however, because a public corporation cannot unilaterally enlarge its statutory powers. See, e.g. Harbison v. Strickland, 900 So. 2d 385, 389 (Ala. 2004) (discussing a corporation as a creature of statute). Wilder's complaint specifically identified the position that he sought as the "Park and Recreation Director for the City of Hoover." And the power to appoint that city position belongs to the mayor. See Ala. Code 1975, § 11-43-81.

We are mindful that a motion to dismiss is "rarely appropriate in a declaratory-judgment action." Cathedral of Faith Baptist Church, Inc. v. Moulton, 373 So. 3d 816, 820 (Ala. 2022) (citing Woodgett v. City of

10

Midfield, 319 So. 3d 1231, 1235 (Ala. 2020)). We are further mindful that the relevant standard is "not whether the complaint shows that the plaintiff will succeed in obtaining the judgment sought but, rather, whether the plaintiff is entitled to a declaration of rights at all." Id. In this exceptional case, however, we have no difficulty affirming the dismissal of Wilder's complaint. He has not cited any law, in his complaint or on appeal, that would call into question the city defendants' authority, as against any authority claimed by the Board, to appoint the City's Park and Recreation Director. Nor can we find (or even imagine) any such law.

IV.

Fundamentally, Wilder failed to properly perceive the legal distinction between the City and the Board. In the case of the Board, which did not allegedly injure him, this failure deprived him of standing. In the case of the city defendants, it meant that he failed to state a valid legal claim. Therefore, we affirm the dismissal orders.

The motion to dismiss and the motion to strike portions of Wilder's reply brief filed by the defendants are denied.

AFFIRMED.

11

Stewart, C.J., and Wise, Sellers, and Cook, JJ., concur.